**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RIDGE CORPORATION,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:23-cv-3012** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **KIRK NATIONAL LEASE, CO.,** *et al.*, | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendants' Motion to Stay Injunction Pending

Appeal (ECF No. 79). For the reasons set forth below, this Court **DENIES** Defendants' Motion.

**I.        BACKGROUND**

This case centers on various patent infringement claims involving a single panel roll-up

truck door. This Court recited the operative facts and procedural history in detail in its Opinion

and Order granting Plaintiff's motion for a preliminary injunction ("PI") and denying Defendants'

motion to join Cold Chain, LLC ("Cold Chain") issued on November 3, 2023. (ECF No. 77).

To summarize, Plaintiff Ridge Corporation ("Ridge") is a manufacturing and engineering

company that, among other things, produces advanced composites for use in trucks and trailers.

(ECF No. 1 ¶ 16). Defendants Kirk National Lease Co. ("KNL"), Truck & Trailer Parts Solutions

Inc. ("TTPS"), and Altum LLC ("Altum") also do work for the transportation industry. (*Id*. ¶¶ 40,

43, 48). Around October 2018, KNL approached Ridge about a joint venture for a single panel

roll-up door. (*Id*. ¶¶ 25-29). The parties worked together to develop a fully functioning single panel

roll-up door, but then had a dispute over safety testing of the door and did not continue with their

joint venture. (*Id*. ¶ 29). Subsequently, KNL and TTPS went into business with Altum to produce

a single panel roll-up door. (*Id*. ¶ 42). Defendants currently do not have a patent for their door, though their patent application, filed on February 19, 2022, is pending. (*See* ECF No. 1, Exhibit 4).

On February 15, 2023, Ridge became the exclusive licensee of the Cold Chain Patent, which provides patent protection for "[a]n article of manufacture for use as an insulated overhead door that is designed to roll open and closed in tracks, with a sheet of thermoplastic material that acts as the outer door membrane and barrier to entry, a sheet of insulating material that acts as a base insulating barrier adhered to the thermoplastic membrane." (ECF No. 1, Exhibits 1, 3).

Around May 2023, Ridge discovered Defendants' door at a tradeshow. (ECF No. 1 ¶ 47). Ridge also discovered TTPS's website was advertising Defendants' door as a "patented single panel roll door." (*Id*. ¶ 57, Exhibit 8 at PageID 101). Believing that Defendants' door infringed on the Cold Chain Patent of which Ridge is the exclusive licensee, Ridge sent Defendants cease-and-desist letters. (ECF No. 1, Exhibits 9, 12). After Defendants denied infringement and sent a letter to Ridge's business partner threatening royalty damages, Ridge filed its complaint (ECF No. 1) and motion for a temporary restraining order ("TRO") and PI (ECF No. 2). (*See* ECF No. 1, Exhibits 11, 13, 14). Ridge's complaint alleges: (1) direct patent infringement against KNL and TTPS; (2) patent inducement against Altum; (3) contributory infringement against Altum; (4) tortious interference with business relationships against KNL, TTPS, and Altum; and (5) false marketing against TTPS and KNL. (ECF No. 1).

On September 21, 2023, this Court held a Rule 65.1 conference (ECF No. 25), in which it considered Plaintiff's motion for a TRO, and, on September 22, 2023, this Court granted Ridge's motion for a TRO (ECF No. 14). On September 28, 2023, Altum filed a motion to join Cold Chain as a party-plaintiff in this case (ECF No. 27), which this Court denied (ECF No. 77). From October

2

3, 2023 through October 6, 2023, this Court held a PI hearing. On November 3, 2023, this Court granted Ridge's motion for a PI (hereinafter "Order"). (ECF No. 77). On November 4, 2023, Defendants filed a motion to appeal the Order. (ECF No. 78). That same day, Defendants filed a motion to stay the Order. (ECF No. 79). On November 15, 2023, Ridge responded in opposition to Defendants' motion to stay. (ECF No. 81). On November 16, 2023, Defendants replied to Ridge's response. (ECF No. 82). The motion to stay is now ripe for this Court's consideration.

## II.    LAW & ANALYSIS

Rule 62 of the Federal Rules of Civil Procedure govern stay of proceedings to enforce a judgment. A district court may stay a judgment in an action for an injunction. Fed. R. Civ. P. 62(c)(1). Additionally, while an appeal is pending from final judgment that grants an injunction, the court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). A stay, however, is not a matter of right. *Nken v. Holder*, 556 U.S. 418, 433 (2009).

In determining whether to grant a stay of a preliminary injunction pending appeal, this Court must consider the following factors: (1) the likelihood that Defendants will prevail on the merits of its appeal; (2) the likelihood that Defendants would be irreparably harmed absent a stay; (3) the likelihood that others would be harmed if this Court grants the stay; and (4) the public interest in granting the stay. *Mich. State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016). These factors are not prerequisites, but rather "interrelated considerations that must be balanced together." *Id*. The moving party has the burden to show that a stay is warranted. *Id*. at 662.

Defendants' arguments in their motion to stay mirror many of the same issues this Court considered and ruled upon when it granted Ridge's motion for a PI and denied Altum's motion to

join Cold Chain. No new arguments persuade this Court that a stay is now warranted. Since Defendants have not met their burden, as set forth below, this Court denies their motion to stay.

## A. Likelihood of Success on the Merits of its Appeal

The first factor this Court considers is Defendants' likelihood of success on the merits of their appeal. Defendants incorporate their prior filings for this factor. Additionally, Defendants argue: (1) it was an abuse of discretion for this Court to consider testimony of Ridge's opinion witness, Mr. Richard Sharpe; (2) this Court did not give enough weight to the Cold Chain Patent's prosecution history; and (3) Ridge lacks standing. This Court will address each argument below.

### 1. Richard Sharpe's Testimony

First, Defendants argue it was an abuse of discretion for this Court to consider Mr. Sharpe's testimony. Defendants rely on *Sundance, Inc. v. DeMonte Fabricating Ltd.*, a Federal Circuit case, to support their argument. In *Sundance*, the plaintiff filed a motion *in limine* to preclude defendant's patent attorney expert from testifying at trial. 550 F.3d 1356, 1360 (Fed. Cir. 2008). The district court denied the motion *in limine*. *Id.* at 1361. The Federal Circuit then found that it was abuse of discretion for the district court to allow defendant's patent attorney expert witness to testify in elaborate technical detail how the disclosed invention, accused system, and prior art operate, and to testify to the noninfringement and invalidity of a claim in the patent. *Id.* at 1361-62.

This case differs from *Sundance* in several ways. As a threshold consideration, Mr. Sharpe testified at a PI hearing before this Court rather than at trial before a jury. Additionally, Defendants did not file a motion *in limine* to exclude Mr. Sharpe's testimony or request a *Daubert* hearing. In fact, Altum proffered using its own patent attorney as an opinion witness, to which Ridge objected

4

(ECF No. 41), and this Court found that, for the limited purposes of the preliminary injunction hearing, the parties' opinion witnesses met the standard under Rule 702 (ECF No. 50).

During the PI hearing, Defendants objected to Mr. Sharpe testifying to the ultimate conclusion of whether Defendants' door infringes the Cold Chain Patent. (ECF No. 56 at PageID 861). Ridge responded that Mr. Sharpe would not be opining on legal conclusions, and, thus, this Court overruled the objection. (*Id*.). In its closing brief opposing the PI, Altum argued Mr. Sharpe is not a person skilled in the art and, therefore, his testimony is inadmissible. (ECF No. 69 at PageID 1485). Altum further argued that because Ridge offered no other evidence of infringement besides Mr. Sharpe's testimony, Ridge's motion for a PI should be denied. (*Id*. at PageID 1486). In the motion *sub judice*, Defendants again argue that Mr. Sharpe's testimony is not proper and that Ridge failed to offer any other evidence of infringement. This Court disagrees.

Mr. Sharpe testified that he has a degree in chemistry and was formerly a patent examiner at the United States Patent and Trademark Office. (*Id*. at PageID 859-860). He explained as a patent examiner, his job was to examine patent applications, assess the level of ordinary skill in the art, and then apply that to patentability determinations for pending applications. (*Id*. at PageID 860). Mr. Sharpe testified that in this case, he examined the Cold Chain Patent, Defendants' door, and the prosecution history for the patent. (*Id*. at PageID 860-861). He then stated his opinion that Defendants' doors "have every element that is recited in the asserted claims of the Cold Chain Patent in this case." (*Id*. at PageID 861). Mr. Sharpe then went on to authenticate various letters and the claim chart he prepared, which were included in Ridge's complaint and motion for a PI. (*Id*. at PageID 861-881). Finally, Mr. Sharpe discussed his critiques of Defendants' opinion witnesses. (*Id*. at PageID 882-889).

As this Court explained in its Order, the Court gave all opinion witness testimony the weight the Court believed it deserved. (ECF No. 77 at PageID 1591). Ultimately, this Court construed the meaning of the claims and then thoroughly compared the exhibit showing a sample of Defendants' door and photographs of Defendants' door against the text of the Cold Chain Patent. (*Id.*). This Court then concluded that Ridge established a strong likelihood that it would be successful on the merits of its patent infringement claims. Defendants' same arguments about Mr. Sharpe's testimony do not change this Court's conclusion. Accordingly, this Court finds a low likelihood that Defendants will prevail on the merits of their appeal regarding Mr. Sharpe's testimony.

### 2. *Cold Chain Patent Prosecution History*

Next, Defendants argue this Court erred by not giving more weight to the Cold Chain Patent's prosecution history. Defendants argue the specifications in the patent and the prosecution history demonstrate that Cold Chain disavowed a door with low insulating properties, multiple, rigid sections, and a sandwich panel construction. Contrary to Defendants' assertions that this Court did not consider prosecution history, this Court considered Defendants arguments regarding Cold Chain's prosecution history, gave them the weight this Court believed they deserved, and ultimately found them unpersuasive and explained why. (*See* ECF No. 77 at PageID 1593-1595). Defendants' same arguments about the prosecution history do not change this Court's conclusion. Accordingly, this Court finds a low likelihood that Defendants will prevail on the merits of their appeal regarding the prosecution history of the Cold Chain Patent.

### 3. *Ridge's Standing*

Finally, Defendants argue Ridge does not have standing because this Court denied Altum's

motion to join Cold Chain. Defendants again rehash the same arguments they previously made. This Court thoroughly analyzed the standing issue in its Order. (*See* ECF No. 77 at PageID 1603-1605). Defendants' same arguments about standing do not change this Court's conclusion. Accordingly, this Court finds a low likelihood that Defendants will prevail on the merits of their appeal regarding Ridge's standing.

Because Defendants do not establish a strong likelihood that they will prevail on the merits of their appeal regarding Mr. Sharpe's testimony, the Cold Chain Patent's prosecution history, or Ridge's standing, this factor weighs in favor of denying the motion to stay.

### B.  Irreparable Harm

The second factor this Court considers is irreparable harm to Defendants absent a stay. To evaluate the harm that will occur if a stay is not granted, the Court must assess: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (internal citation omitted). To be irreparable, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* To "substantiate" its claim of irreparable injury, the movant must "provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* (internal citation omitted).

Here, Altum argues it will have to lay off all its employees, will lose over half its business, and may have to dissolve its company if the PI is not stayed. KNL/TTPS do not address any irreparable harm to them. Ridge responds that monetary damages do not amount to irreparable harm and any harm to Defendants were invited by them building a business that they knew infringed on Ridge's intellectual property rights. Defendants reply by arguing their door does not infringe the Cold Chain Patent.

As this Court acknowledged in its Order, Defendants' losses are a result of their own calculated risk in selling a single panel roll-up door with knowledge of the Cold Chain Patent. *See Celsis In Vitro, Inc. v. Cellzdirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012) (finding substantial harm to competitors did not weigh against granting a PI when competitor's losses were a result of its own calculated risk in selling a product with knowledge of the patent). Nevertheless, because of the irreparable harm to both Ridge and Defendants, this Court finds this factor neutral, as it did in its Order.

## C. Harm to Others

The third factor this Court considers is whether others will be harmed should the Court grant the stay. Defendants do not address this factor. Ridge argues the bond it posted in the amount of $165,000 will protect Defendants, whereas a stay would subject Ridge to ongoing infringement and irreparable harm. Like the irreparable harm factor, this Court finds this factor neural.

## D. The Public Interest

The last factor this Court considers is the public interest in granting the stay. Again, Defendants do not address this factor. Ridge argues public interest weighs against a stay of the preliminary injunction because there is a strong interest in protecting intellectual property rights. As this Court found in its Order, the public's current access to a single panel roll-up door does not override the recognized public interest to enforce patent rights, especially considering Defendants did not engage in the required quality assurance testing for its door. *See PPG Industries, Inc. v. Guardian Industries Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996) (discussing "the strong public policy favoring the enforcement of patent rights."). Accordingly, this factor weighs in favor of denying the motion to stay.

### III.    CONCLUSION

When balancing the factors for a motion to stay a preliminary injunction pending appeal,

this Court finds the factors weigh in favor of denying the motion to stay. Therefore, Defendants'

Motion to Stay (ECF No. 79) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 20, 2023**

9