IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIDGE CORPORATION, | : | CASE NO. 2:23-cv-03012 |
| Plaintiff, | : | (Judge Algenon L. Marbley) (Magistrate Judge Kimberly A. Jolson) |
| v. | : | **ANSWER OF DEFENDANTS KIRK NATIONALEASE CO. AND TRUCK & TRAILER PARTS SOLUTIONS, INC. TO COMPLAINT** |
| KIRK NATIONALEASE CO., et al., | : | |
| Defendants. | : | |

Defendants Kirk NationaLease Co. ("KNL") and Truck & Trailer Parts Solutions, Inc. ("TTPS") (collectively, "KNL Defendants") respond as follows to the Complaint ("Complaint") of Plaintiff Ridge Corporation ("Ridge" or "Plaintiff"):

## **PARTIES**

1. KNL Defendants deny Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

2.-3. KNL Defendants admit the allegations in Paragraphs 2 and 3 of the Complaint.

4. KNL Defendants admit that KNL and TTPS have overlapping ownership. KNL Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.-6. KNL Defendants deny the allegations in Paragraphs 5 and 6 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

## JURISDICTION AND VENUE

7. KNL Defendants admit that this Court has subject matter jurisdiction over this matter. KNL Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. KNL Defendants admit that this Court has personal jurisdiction over KNL. KNL Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. KNL Defendants admit that venue is proper as to KNL. KNL Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. KNL Defendants admit that this Court has personal jurisdiction over TTPS. KNL Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. KNL Defendants admit that venue is proper as to TTPS. KNL Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12.-13. KNL Defendants deny the allegations in Paragraphs 12 and 13 of the Complaint.

14.-15. KNL Defendants deny the allegations in Paragraphs 14 and 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

## BACKGROUND

16. KNL Defendants deny the allegations in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

17. KNL Defendants admit that an accurate copy of the Cold Chain Patent is attached to the Complaint as Exhibit 1 and that it was issued on October 6, 2015. KNL Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.-19. KNL Defendants deny the allegations in Paragraphs 18 and 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

20. KNL Defendants admit that Cold Chain is not a party to this action. KNL Defendants deny the remaining allegations of Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

21. KNL Defendants admit that the accuracy of the partial quote of the Cold Chain Patent. To the extent a further response is necessary, KNL Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. KNL Defendants admit the allegations in Paragraph 22 of the Complaint.

23.-24. KNL Defendants deny the allegations in Paragraphs 23 and 24 of the Complaint.

25. KNL Defendants admit that Jeff Phlipot met with Ridge in or about October 2018. KNL Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. KNL Defendants deny the allegations in Paragraph 26 of the Complaint, and specifically deny that the well-known concept of a "living hinge" is proprietary to Ridge.

27. KNL Defendants admit that Ridge built panels according to KNL Defendants' specifications. KNL Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. KNL Defendants deny the allegations in Paragraph 28 of the Complaint.

29. KNL Defendants admit that there were disagreements as to Ridge's role as to the KNL roll-up door. KNL Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. KNL Defendants deny the allegations in Paragraph 30 of the Complaint regarding due diligence for lack of knowledge or information sufficient to form a belief as to those allegations. KNL Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. KNL Defendants deny the allegations in Paragraph 31 of the Complaint regarding Ridge's communications with Cold Chain for lack of knowledge or information sufficient to form a belief as to those allegations. KNL Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32. KNL Defendants admit the allegations in Paragraph 32 of the Complaint.

33.-34. KNL Defendants deny the allegations in Paragraphs 33 and 34 of the Complaint.

35. KNL Defendants admit that Exhibit 5 to the Complaint is an accurate copy of the June 6 Letter. KNL Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. KNL Defendants admit that Exhibit 6 to the Complaint is an accurate copy of the June 30 Email and that KNL disputed that Ridge contributed to either the conception or reduction to practice of the invention claimed in the '144 Patent Application. KNL Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37. KNL Defendants admit that Exhibit 7 to the Complaint is an accurate copy of the July 2 Email. KNL Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. KNL Defendants deny the allegations in Paragraph 38 of the Complaint.

39. KNL Defendants admit that Ridge is not listed as a joint inventor in the '144 Patent Application and specifically aver that it should not be listed. KNL Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40. KNL Defendants admit the quoted content of Altum's website. KNL Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. KNL Defendants admit that Dominic Grandominico, Greg Karst, and Kyle Gaines are Altum employees. KNL Defendants deny the remaining allegations in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

42. KNL Defendants admit that Altum has built panels for the KNL door. KNL Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43. KNL Defendants admit the allegations in Paragraph 43 of the Complaint.

44. KNL Defendants admit that Altum has built panels for the KNL door. KNL Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.-47. KNL Defendants deny the allegations in Paragraphs 45-47 of the Complaint.

48. KNL Defendants deny the allegations in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

49. KNL Defendants admit that Altum builds panels for the KNL door. KNL Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50.-53. KNL Defendants deny the allegations in Paragraphs 50-53 of the Complaint.

54. KNL Defendants admit that Altum builds panels for the KNL door. KNL Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. KNL Defendants admit that KNL and TTPS have overlapping ownership. KNL Defendants deny the remaining allegations of Paragraph 55 of the Complaint.

56. KNL Defendants admit the allegations in Paragraph 56 of the Complaint.

57.-60. KNL Defendants admit the content of the website as it existed at the time of the filing of the Complaint. KNL Defendants deny the remaining allegations in Paragraphs 57-60 of the Complaint.

61. KNL Defendants admit that the '144 Patent Application remains pending. KNL Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62.-65. KNL Defendants deny the allegations in Paragraphs 62-65 of the Complaint.

66. KNL Defendants admit that an accurate copy of what Ridge terms the Cease and Desist Letter is attached as Exhibit 9 to the Complaint. KNL Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67. KNL Defendants admit that an accurate copy of the July 5 Letter is attached as Exhibit 10 to the Complaint and that the direct quotes of the Letter are accurate. KNL Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68. KNL Defendants admit that Ridge's counsel emailed counsel for KNL Defendants. KNL Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69. KNL Defendants admit the allegations in Paragraph 69 of the Complaint.

70.-72. KNL Defendants deny the allegations in Paragraphs 70-72 of the Complaint for lack of knowledge or information sufficient to form a belief as to those allegations.

73. KNL Defendants deny the allegations in Paragraph 73 of the Complaint.

74. KNL Defendants admit that Ridge built panels and sold them to KNL. KNL Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.-77. KNL Defendants deny the allegations in Paragraphs 75-77 of the Complaint.

78. KNL Defendants admit that an accurate copy of the Barnes Letter is attached as Exhibit 14 to the Complaint. KNL Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79. KNL Defendants admit that the Barnes Letter contains a scrivener's error (28 U.S.C. § 154(d) instead of 35 U.S.C. § 154(d)). KNL Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80. KNL Defendants admit that an accurate copy of the Barnes USPTO Response is attached as Exhibit 15 of the Complaint. KNL Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.-83. KNL Defendants deny the allegations in Paragraphs 81-83 of the Complaint.

**COUNT I**
**INFRINGEMENT OF UNITED STATES PATENT NO. 9,151,084**
**AGAINST KNL, TTPS, AND TRANSGLOBAL**

84. KNL Defendants incorporate their responses to Paragraphs 1 through 83 of the Complaint as if fully restated.

85. KNL Defendants deny the allegations in Paragraph 85 of the Complaint.

86. KNL Defendants deny the allegations in Paragraph 86 of the Complaint regarding Transglobal for lack of knowledge or information sufficient to form a belief as to those allegations. Defendants admit the remaining allegations in Paragraph 86 of the Complaint.

87. KNL Defendants admit that they sold the KNL door. KNL Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88.-93. KNL Defendants deny the allegations in Paragraphs 88-93 of the Complaint.

**COUNT II**
**PATENT INDUCEMENT**
**AGAINST ALTUM**

94. KNL Defendants incorporate their responses to Paragraphs 1 through 93 of the Complaint as if fully restated.

95.-105. KNL Defendants deny the allegations in Paragraphs 95-105 of the Complaint.

## COUNT III
## CONTRIBUTORY INFRINGEMENT
## AGAINST ALTUM

106.  KNL Defendants incorporate their responses to Paragraphs 1 through 105 of the Complaint as if fully restated.

107.-109.  KNL Defendants deny the allegations in Paragraphs 107-109 of the Complaint.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
## AGAINST KNL, TTPS, AND ALTUM

110.  KNL Defendants incorporate their responses to Paragraphs 1 through 109 of the Complaint as if fully restated.

111.-115.  KNL Defendants deny the allegations in Paragraphs 111-115 of the Complaint.

## COUNT V
## FALSE MARKETING, A VIOLATION OF 35 U.S.C. § 292
## AGAINST TTPS AND KNL

116.  KNL Defendants incorporate their responses to Paragraphs 1 through 115 of the Complaint as if fully restated.

117.  KNL Defendants admit that its agents mistakenly termed the KNL door as "patented" rather than "patent pending" with a good faith belief at the time that stating "patented" was legally acceptable.  KNL Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

118.-120.  KNL Defendants deny the allegations in Paragraphs 118-120 of the Complaint.

KNL Defendants deny that Plaintiff is entitled to any of the requested relief and denies any allegations contained in the "WHEREFORE" clause of the Complaint, including all subparts.

## GENERAL DENIAL

Any and all allegations of Plaintiff that have not been specifically admitted are denied.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that KNL Defendants bear any burden of proof as to any of them, KNL Defendants assert the following additional defenses.  KNL Defendants intend to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and reserve the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff lacks standing under 35 U.S.C. § 281 to assert claims for patent infringement.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims for patent infringement should be dismissed for failure to join a party required to be joined under Fed. R. Civ. P. 19.

### FOURTH ADDITIONAL DEFENSE

KNL Defendants have not infringed the Cold Chain Patent.

### FIFTH ADDITIONAL DEFENSE

The Cold Chain Patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and 112.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims for patent infringement are barred by prosecution history estoppel.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff cannot show that the alleged tortiously interfering acts were improper or lacked justification.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff cannot show bad faith as to the allegedly tortiously interfering acts.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claim for tortious interference is preempted by federal patent law.

## TENTH ADDITIONAL DEFENSE

Plaintiff's claim under 35 U.S.C. § 292 fails due to its lack of competitive injury.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect itself from damages, if any, and failed to mitigate any such damages.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails, in whole or in part, because the alleged damages incurred or suffered by Plaintiff were not proximately caused by any act or omission or failure of KNL Defendants.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff has not suffered any injury or damage by reason of any conduct of KNL Defendants.

## FOURTEENTH ADDITIONAL DEFENSE

The injuries and damages alleged in the Complaint, if any, were the direct and proximate result of acts and omissions of Plaintiff.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's damages, if any, which KNL Defendants deny, were caused by independent, intervening, and/or

superseding acts, errors, omissions, and causes which KNL Defendants had no control and for which KNL Defendants are not liable.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, laches, and unclean hands.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to allow the recovery of attorneys' fees or increased damages under 35 U.S.C. § 285, or any other legal basis.

### EIGHTEENTH ADDITIONAL DEFENSE

KNL Defendants specifically reserve the right to assert any and all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense, at law or equity, that may not exist or that may become available through information developed in discovery, at trial, or otherwise.

### **PRAYER FOR RELIEF**

WHEREFORE, KNL Defendants denies that they are liable to Plaintiff for any of the requests for relief set forth in the "WHEREFORE" clause of the Complaint, including all subparts. KNL Defendants request that this Court:

A. find that Plaintiff take nothing on its claims against KNL Defendants;

B. dismiss Plaintiff's Complaint with prejudice and deny Plaintiff any and all relief requested in the Complaint;

C. enter judgment in favor of KNL Defendants;

D. award KNL Defendants their attorneys' fees under 35 U.S.C. § 285 due to the exceptional nature of the case, and their costs; and

E. award KNL Defendants such other relief, legal or equitable, as this Court deems appropriate.

Respectfully submitted,

CO-COUNSEL:

Joshua A. Koltak (0078164)
Michael J. Scarpelli (0093662)
FAULKNER, GARMHAUSEN, KEISTER & SHENK
A Legal Professional Association
Courtview Center – Suite 300
100 South Main Avenue
Sidney, OH  45365
Telephone:  (937) 492-1271
Fax:  (937) 498-1306
Email:  jkoltak@fgks-law.com
           mscarpelli@fgks-law.com

/s/ Donald E. Burton
Donald E. Burton (0040553)
Trial Attorney
FARUKI PLL
110 N. Main Street, Suite 1600
Dayton, OH  45402
Telephone:  (937) 227-3700
Fax:  (937) 227-3717
Email: dburton@ficlaw.com

Melissa L. Watt (0092305)
Darren W. Ford (0086449)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Fax:  (513) 632-0319
Email: mwatt@ficlaw.com
           dford@ficlaw.com

Attorneys for Defendants
Kirk NationaLease Co. and Truck & Trailer Parts Solutions, Inc.

## CERTIFICATE OF SERVICE

I certify that on the 27th day of November, 2023, I electronically filed the foregoing Answer of Defendants Kirk NationaLease Co. and Truck & Trailer Parts Solutions, Inc. to Complaint with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

Christopher W. Tackett, Esq.
Graycen M. Wood, Esq.
John P. Miller, Esq.
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, OH  43215
ctackett@baileycav.com
gwood@baileycav.com
jmiller@baileycav.com

Attorneys for Plaintiff Ridge Corporation

Damion M. Clifford, Esq.
Gerhardt A. Gosnell II, Esq.
Michael L. Dillard, Jr., Esq.
James E. Arnold, Esq.
Tiffany L. Carwile, Esq.
ARNOLD & CLIFFORD LLP
115 W. Main Street, Suite 400
Columbus, OH  43215
dclifford@arnlaw.com
ggosnell@arnlaw.com
mdillard@arnlaw.com
jarnold@arnlaw.com
tcarwile@arnlaw.com

Attorneys for Defendant Altum LLC

/s/ Donald E. Burton
Donald E. Burton

4880-2354-8812.1