IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RIDGE CORPORATION,** : | |
| : | |
| Plaintiff, : | Case No. 2:23-cv-03012 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **KIRK NATIONAL LEASE CO.,** *et al.*, : | Magistrate Judge Kimberly A. Jolson |
| : | |
| : | |
| Defendants. : | |

## ORDER

This matter comes before the Court on: (1) Plaintiffs' second Motion for a Temporary Restraining Order ("TRO") (ECF No. 108); and (2) Defendant Altum LLC's Motion to Dismiss, filed on November 27, 2023 (ECF No. 85). After this Court granted Plaintiff Ridge's initial requests for a TRO and a Preliminary Injunction ("PI") (ECF Nos. 14, 77), Defendants appealed to the Federal Circuit (ECF No. 78). Because of the pending appeal, this Court held in abeyance Defendants' substantive motion to dismiss. (ECF No. 87 (discussing ECF No. 85)). The Federal Circuit has since vacated and remanded this Court's imposition of a PI on standing grounds (ECF No. 94), and Plaintiffs Ridge and Cold Chain have now sought a renewed PI and a second TRO (ECF Nos. 107, 108). Altum has opposed the request for a TRO. (ECF No. 111).

This Court held a Rule 65.1 Conference on Plaintiffs' second Motion for a TRO. (ECF No. 109). During that Conference, the undersigned explained that while Plaintiffs demonstrated that the harm they fear would be irreparable should it occur, Plaintiffs have not, at this time, established a threat of immediate harm based on the lack of evidence of actions taken by any Defendant in pursuit of the manufacturing, selling, or marketing of the allegedly patented door at issue here. Plaintiffs have therefore not satisfied the requirements of Federal Rule of Civil

1

Procedure 65(b). For this reason, as elaborated in the record of that Conference, Plaintiffs' Motion (ECF No. 108) is **DENIED**.

Further, in its Motion to Dismiss, Altum argues that this case should be dismissed in part because Cold Chain is a necessary party who has not been added to this litigation. (*See* ECF No. 85). While this argument was mooted by the addition of Cold Chain as a plaintiff (ECF No. 106), the Motion as a whole is not necessarily moot: "[D]istrict courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are 'substantially identical to the original complaint.'" *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (quoting *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *1 (S.D. Ohio Oct. 9, 2014)). But while some of Altum's arguments appear to apply with equal force to Plaintiffs' Amended Complaint, the same is not true for all of the arguments. Out of an abundance of caution then, Altum should have an opportunity to update its dismissal request in light of the Amended Complaint. Therefore, Altum's Motion to Dismiss (ECF No. 85) is **DENIED AS MOOT**. This denial should not be taken as a decree that Altum must start from scratch with its argument or as an indication of this Court's view of the merits of Altum's request in a general sense. Rather, Altum is uniquely situated to explain its arguments in support of dismissal to this Court, and such explanation has potentially changed.

**IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:** September 6, 2024