IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RIDGE CORPORATION,** *et al.*, | : |
| Plaintiffs, | : Case No. 2:23-cv-03012 |
| v. | : Judge Algenon L. Marbley |
| **KIRK NATIONAL LEASE CO.,** *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| Defendants. | : |

## OPINION AND ORDER

This matter is before this Court on four motions in limine filed by Plaintiffs Ridge Corporation ("Ridge") and Cold Chain, LLC's ("Cold Chain") (collectively, "Plaintiffs") and Defendant Altum LLC ("Altum"):

- Plaintiffs' Motion in Limine to Exclude Evidence of Commercial Embodiments ("Plaintiffs' Renewed MIL") (ECF No. 124);

- Plaintiffs' Motion to Exclude Defendants Kirk NationaLease Co. and Truck & Trailer Parts Solutions, Inc.'s ("KNL") Expert Mark Schroeder and Altum LLC's ("Altum") Experts Paul Kladitis and Dominic Grandominico ("Plaintiffs' Expert MIL") (ECF No. 134)

- Defendant Altum's Motion to Exclude Plaintiffs' Expert Richard Sharpe ("Altum's Sharpe MIL") (ECF No. 129); and

- Defendant Altum's Motion to Exclude Any Undisclosed Expert Testimony ("Altum's Undisclosed Expert MIL") (ECF No. 132).

1

Plaintiffs filed their Renewed MIL on September 23, 2024 (ECF No. 124). On September 26, 2024, Altum filed their Sharpe MIL (ECF No. 129),[1] and their Undisclosed Expert MIL (ECF No. 132), and Plaintiffs filed their Expert MIL (ECF No. 134). Defendants opposed Plaintiffs' Renewed MIL (ECF Nos 131, 132) and Plaintiffs' Expert MIL (ECF Nos. 141, 144). Plaintiffs likewise opposed Altum's Sharpe MIL (ECF No. 138) and Altum's Undisclosed Expert MIL (139).

## I. LEGAL STANDARDS

### A. Motions in Limine in the Preliminary Injunction Context

At the preliminary injunction stage, district courts do not require stringent adherence to rules of evidence. *See Damon's Restaurants, Inc. v. Eileen K, Inc.*, 461 F.Supp.2d 607, 620 (S.D. Ohio 2006) (collecting cases); *see also University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures less formal and evidence that is less complete than in a trial on the merits."); *G.G. ex rel Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725-26 (4th Cir. 2016) ("Because preliminary injunction proceedings are informal ones designed to prevent irreparable harm before a later trial governed by the full rigor of usual evidentiary standards, district courts may look to, and indeed in appropriate circumstances rely on hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted."), *vacated on other grounds*, *Gloucester Cnty. Sch. Bd v. G.G.*, 137 S. Ct. 1239 (2017) (mem.); *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir.2010) ("[H]earsay evidence may be considered by a district court in determining whether to grant a preliminary injunction."); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949

---

[1] Upon receiving Altum's first MIL (Sharpe MIL), this Court ordered Plaintiffs to respond to that motion by 12:00 p.m. on September 30, 2024 (ECF No. 130). Altum's Undisclosed Expert MIL and Plaintiffs' Expert MIL were filed shortly thereafter. This Court has not yet ordered a response.

(3d ed.) ("[I]nasmuch as the grant of a preliminary injunction is discretionary, the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so[.]").

A ruling on a motion in limine, in particular, is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citations omitted). Because such motions are "generally used to ensure expeditious and evenhanded management of trials by eliminating evidence that is clearly inadmissible for any purpose," unless evidence is clearly inadmissible on all potential grounds, evidentiary rulings "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *United States v. Householder*, 645 F. Supp. 3d 844, 849 (S.D. Ohio 2022). Moreover, "[d]enial [or granting] of a motion in limine does not necessarily mean that all evidence contemplated by the motion [will or] will not be admitted at trial . . . ." *Id*.

### B. Evidence Considered in Patent Infringement Analysis

When a patentee seeks a preliminary injunction, the patentee must show that in light of the presumptions and burdens that will inhere at trial on the merits: (1) the defendant likely infringes the patent; and (2) its infringement claim will likely withstand a challenge to validity and enforceability. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). "If [the defendant] raises a substantial question concerning either infringement or validity, i.e., asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." *Id*. at 1350–1351.

There are two steps involved in determining patent infringement: (1) the court must determine the scope of the claim; and (2) the properly construed claim must be compared to the

accused device to determine whether all of the claim limitations are present either literally or by a substantial equivalent. *Amazon.com*, 239 F.3d at 1351. Step one-claim construction-is a question of law for the Court; step two-comparing claims to the accused device-is a question of fact. *Dynacore Holdings Corporation v. U.S. Philips Corporation*, 363 F.3d 1263, 1273 (Fed. Cir. 2004).

At step one, to ascertain the meaning of claims, courts primarily rely on "intrinsic evidence"—i.e., the claims, the specification, and the prosecution history. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed.Cir.1995). The Court, however, may also receive extrinsic evidence "to aid the court in coming to a correct conclusion as to the true meaning of the language employed in the patent." *Id*. at 980. Extrinsic evidence includes expert testimony given to aid the court in ascertaining the meaning of a technical or scientific term or term of art; dictionaries; and, learned treatises. *Id*. "However, extrinsic evidence cannot be used to contradict the established meaning of the claim language." *Gart v. Logitech*, 254 F.3d 1334, 1340 (Fed. Cir. 2001).

The parties should bear in mind, however, that the Court has no obligation to interpret claims conclusively and finally during a preliminary injunction proceeding. *Sofamor Danek Group, Inc. v. DePuy–Motech, Inc.,* 74 F.3d 1216, 1221 (Fed. Cir. 1996).

### C.  Expert Testimony

The district court has broad discretion to determine whether to admit or exclude expert testimony. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) ("[W]e will not substitute our own judgment for that of the district court and will reverse an evidentiary decision "only where we are left with a definite and firm conviction that [the district court] committed a clear error of judgment." (citation omitted)). The burden is on the party proffering the expert report

and testimony to demonstrate by a preponderance of proof that the opinions of their experts are admissible. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

Under Fed. R. Evid. 702, expert testimony is admissible if it meets the following criteria:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule of Evidence 702 triggers a court's "gate-keeping role" to determine the admissibility of that testimony. The Supreme Court has identified several non-exclusive factors that lower courts may consider in assessing reliability: (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the technique has a high known or potential rate of error; and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The Sixth Circuit has approved the use of an additional factor: whether the expert prepared his or her opinion "solely for purposes of litigation." *See Wilden v. Laury Transportation, LLC*, 901 F.3d 644, 649 (6th Cir. 2018) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007)).

Nonetheless, the *Daubert* factors "do not constitute 'a definitive checklist or test'" and do not apply in every case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quoting *Daubert*, 509 U.S. at 593). Rather, Rule 702 grants district courts "discretion in determining whether . . . a proposed expert's testimony is admissible, based on whether it is both relevant and reliable." *See Johnson,* 484 F.3d at 429. For example, experience-based expert testimony may be

5

admissible. *See Kumho Tire Co.*, 526 U.S. at 141; *United States v. Poulsen*, 543 F.Supp.2d 809, 811-12 (S.D. Ohio 2008); *In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 345 F. Supp. 3d 897, 902 (S.D. Ohio 2015). Moreover, "[w]here an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art." *Sundance, Inc. v. Demonte Fabricating, Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

## II. Analysis

### A. Plaintiffs' Renewed MIL (ECF No. 124)

Plaintiffs seek to exclude evidence related to "commercial embodiments" of the patents, specifically, Exhibit D48, and related expert testimony. In support, Plaintiffs cite Federal Circuit caselaw that has found it improper for a court to "compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *See Zenith Labs., Inc.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Defendants oppose, arguing that the demonstrative exhibits are intended "not to demonstrate infringement but to demonstrate the ordinary and customary meaning of the word 'insulating' to persons of ordinary skill in the art." In other words, they contend that Exhibit D48 "is a Cold Chain panel" that "conforms to the patent specification, the claim language for Cold Chain."

This Court previously admitted the demonstrative exhibits, including Exhibit D48, and related testimony, but excluded the evidence from its consideration when ruling on Plaintiffs' PI Motion. (*See* ECF No. 67). Nothing in Plaintiff's Renewed MIL warrants reconsidering this Court's prior admissibility ruling. In determining the likelihood of infringement, the demonstrative exhibits will be used to aid the Court's comparison of the allegedly infringing product with the

6

*claims* of the patent, not with any commercial embodiments of the asserted patent. *See Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1481 (Fed. Cir.) ("The law of infringement requires that the asserted claims be compared with the products or processes accused of infringement."), *cert. denied*, 469 U.S. 924 (1984). To the extent that the evidence presented is ultimately irrelevant to this determination, it will be ignored by the Court. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.").

Accordingly, Plaintiffs' Renewed MIL (ECF No. 124) is DENIED.

### B. Plaintiffs' Expert MIL (ECF No. 134)

Plaintiffs seek to exclude several of Defendants' experts—Dr. Paul Kladitis, Mark Schroeder, and Dominic Grandominico—on the basis that their expert opinions constitute "extrinsic evidence on claim construction, which is impermissible as a matter of law." Although the Federal Circuit has "emphasized the importance of intrinsic evidence in claim construction," it has also "authorized district courts to rely on extrinsic evidence[.]" *Netcraft Corp. v. eBay, Inc.*, 549 F.3d 1394, 1397 (Fed. Cir. 2008). Such extrinsic evidence is particularly useful where the definition of a claim term is ambiguous. Plaintiffs assert that "the '084 Patent is clear on what "insulating" means within the context of the patent" and that "the intrinsic record is not ambiguous." Given the conclusory nature of these assertions, however, this Court will exercise its discretion in "receiv[ing] extrinsic evidence in order to aid the court in coming to a correct conclusion as to the true meaning of the language employed in the patent." *Markman*, 52 F.3d at 980 (internal quotation marks and citation omitted). To be clear, the use of such extrinsic evidence will serve only the Court's task of understanding of the patent, not for the purpose of varying or

7

contradicting the terms of the claims. *See U.S. Indus. Chems. v. Carbide & Carbon Chems. Corp.*, 315 U.S. 668, 678 (1942).

Plaintiffs also appear to challenge Defendants' experts on admissibility grounds. The party offering the expert has the burden of proving admissibility of the expert's opinion by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10. Whether the "specific [*Daubert*] factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho Tire Co.*, 526 U.S. at 153.

Accordingly, this Court will **DENY** Plaintiff's Expert MIL (ECF No. 134) on the understanding that Defendants must satisfy the *Daubert* requirements during the preliminary injunction hearing before eliciting testimony from their designated experts.

### C. Altum's Sharpe MIL (ECF No. 129)

Defendant Altum moves to exclude the testimony of Plaintiffs' expert, Richard Sharpe, on the basis that he is "not qualified as a technical expert, as he has no experience in the pertinent art and cannot discuss the meaning of claim terms." As the Federal Circuit emphasized in *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363-64 (Fed. Cir. 2008), in order to provide expert testimony on the issues of infringement and validity, the proposed expert must be skilled in the relevant art, not patent law:

> [I]t is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. Indeed, where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in the art. We understand that patent lawyers are often qualified to testify as technical experts, but such a qualification must derive from a lawyer's technical qualifications in the pertinent art.

8

*Id*. *Sundance* could not be clearer: patent attorneys who are not technical experts in the pertinent art are prohibited from testifying about "any of the underlying technical questions, such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention." *Sundance, Inc*., 550 F.3d at 1364.

The parties here have not set forth their definitions of "pertinent art" for purposes of qualifying an expert to testify on invalidity and infringement of the patent in this case. Based on the background section of the '084 patent, however, it appears that the pertinent art would be "the field of overhead insulated doors and, more specifically, to an insulated over-head door that is designed to roll open and closed in tracks." (*See* ECF No. 1, at 34).

Before permitting Mr. Sharpe to render his expert opinion, Plaintiffs must establish that, in addition to being a patent attorney, Mr. Sharpe "possesses the relevant expertise in the pertinent art." *Sundance, Inc*., 550 F.3d at 1362. Unless Plaintiffs establish that Mr. Sharpe is "also a qualified technical expert, his testimony on these kinds of technical issues is improper and thus inadmissible." *Id*.

Accordingly, Defendant Altum's Motion to Exclude the Expert Testimony of Robert Sharpe (ECF No. 129) is **HELD IN ABEYANCE**.

### D. Altum's Undisclosed Expert MIL (ECF No. 132)

The parties dispute whether Plaintiffs have properly disclosed their expert witnesses as required by Rule 26(a)(2). Specifically, Defendants contend that Plaintiffs have not provided Defendants with Richard Sharpe's rebuttal report or a report for Bret Moss "that provides the subject matter on which the witness would testify and a summary of the facts and opinions of that witness."

Upon reviewing the record, this Court has found a rebuttal report by Richard Sharpe included in the exhibits presented at the last hearing. As to Bret Moss, he has previously testified at the last hearing. Consistent with the rulings above, should those witnesses testify again at this hearing, this Court limits their testimony to the topics they addressed at the last hearing and/or the opinions they provided in their written reports.

Accordingly, Defendant's Motion to Exclude Undisclosed Experts (ECF No. 132) is DENIED.

### III. CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiffs' Motion to Exclude Evidence of Commercial Embodiments (ECF No. 124), Plaintiffs' Motion to Exclude Defendants' Experts (ECF No. 134), and Defendant Altum's Motion to Exclude Undisclosed Experts (ECF No. 132), consistent with this Order. This Court **HOLDS IN ABEYANCE** Defendant Altum's Motion to Exclude the Expert Testimony of Richard Sharpe (ECF No. 129) subject to Plaintiffs establishing the proper foundation for said testimony consistent with this Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  September 30, 2024**